UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN RAY ALANIZ,
Plaintiff,

v.

RIDGEWOOD AT THE WOODLANDS, et al.,
Defendants.

United States Courts
Southern District of Texas
F I L E D

AUG 07 2025

Nathan Ochsner, Clerk of Court

CIVIL ACTION NO. 4:25-cv-03279

PLAINTIFF'S MOTION TO AFFIRM LEGAL STANDING, ENFORCE ADA RIGHTS, AND REBUT DEFENDANT MISREPRESENTATIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff John Ray Alaniz, Pro Se, and respectfully submits this Motion to Affirm Legal Standing, Enforce Federal and Constitutional Rights, and Rebut Misrepresentations Asserted by Defendants and/or Counsel. This Motion responds to recent implications and actions suggesting that Plaintiff lacks legal authority or standing to advocate for Margot Alaniz, a vulnerable stroke survivor and Medicaid recipient. Such implications are not only factually incorrect, but also legally unsupported and retaliatory in nature.

## I. LEGAL STANDING & POWER OF ATTORNEY

1. Plaintiff is the Alternate Medical Power of Attorney for Margot Alaniz, confirmed by signed documents on file with Defendant Ridgewood.
2. Plaintiff's father, Ray Alaniz, is the Durable Medical Power of Attorney and legal spouse. Together, both have continuously advocated for Margot Alaniz's health and civil rights.
3. On or about July 7, 2025, Plaintiff was unlawfully issued a trespass warning despite never entering the facility, merely calling ahead to request peaceful entry—a right granted under 42 U.S.C. § 12182 and 42 U.S.C. § 1983.

## II. RETALIATORY ACTIONS & SPECIFIC INCIDENTS

4. On July 28, 2025, during a recorded call, Administrator Chrystal Stalder refused to acknowledge Plaintiff's POA status, justified the trespass warning, and attempted to shift blame onto Plaintiff for conditions the facility is responsible for.

5. Margot Alaniz was retrieved that same day in an unbathed, foul-smelling condition, sitting in a visibly wet sling, crying due to untreated skin wounds—documented by audio and witness statements.

6. Despite multiple ADA notices, Plaintiff's cognitive (ADD, dyslexia) and auditory disabilities continue to be ignored by Defendants, in violation of 42 U.S.C. § 12132 and 42 CFR § 483.10.

### III. LEGAL FRAMEWORK & AUTHORITIES

7. Defendants are subject to the following, regardless of their claim of being a 'private facility':
- Americans with Disabilities Act (ADA), 42 U.S.C. § 12182
- Civil Rights Act, 42 U.S.C. § 1983
- 42 CFR § 483.10 – Medicare Conditions of Participation
- HIPAA, 45 CFR § 164.502(g) – Patient Right of Access via POA
- 18 U.S.C. § 242 – Criminal Deprivation of Rights Under Color of Law

8. Private policy does not supersede federal law. As per the U.S. DOJ: 'Private policies cannot override constitutional rights or federally protected disability accommodations.'

### IV. DEMAND FOR COURT RECOGNITION AND RELIEF

WHEREFORE, Plaintiff respectfully moves this Honorable Court to:

A. Affirm Plaintiff's standing as legal advocate and alternate POA under both state and federal law;

B. Declare that any trespass warning or access denial based on Plaintiff's lawful advocacy constitutes retaliation and is invalid;

C. Enforce compliance with ADA access and accommodation requirements;

D. Grant any other relief the Court deems just and proper in support of Plaintiff's lawful access and representation.

Respectfully submitted,

/s/ John Ray Alaniz
Pro Se Plaintiff
18953 Oakridge Dr.
Cleveland, TX 77328
(903) 576-5060
2017johnrayalaniz@gmail.com

State of Texas    County of Liberty
Subscribed and sworn before me on 8-6-25
(Date)
(Notary Signature)

[Notary Seal: MORGAN WILLIAMS, NOTARY PUBLIC, STATE OF TEXAS, NOTARY ID 134782537, MY COMM. EXP. 03-05-2028]